**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14–cv–00439–RM–BNB

ELEAZAR VAZQUEZ GOMEZ,

    Petitioner,

v.

ERIC HOLDER, Attorney General;
ACTING DIRECTOR UNNAMED,
United States Immigration and Customs Enforcement;
JEH JOHNSON, Secretary of the Department of Homeland Security;
JEFFREY D. LYNCH, Acting District Field Office Director,
U.S. Immigration and Customs Enforcement;
JOHN LONGSHORE, Acting Field Office Director,
U.S. Immigration and Customs Enforcement,

    Respondents.

---

**ORDER DENYING MOTION (ECF NO. 4)**

---

THIS MATTER is before the Court on Petitioner's "Motion for Declaratory and Injunctive Relief (with Temporary Restraining Order)" ("Motion") (ECF No. 4) requesting the Court to order Respondents to refrain from deporting Petitioner from the United States until the determination of his Petition for Habeas Corpus and to return him to the Aurora Detention Facility in Aurora, Colorado.  Upon consideration of the Motion, the Petition and Court file, and the applicable rules and law, Petitioner's Motion is denied for the reasons stated herein.

**I.  BACKGROUND**

The Petition for Writ of Habeas Corpus ("Petition"), filed pursuant to 28 U.S.C. § 2241, was neither verified nor supported by an affidavit.  Instead, Petitioner alleges the following.  On

September 4, 2013, an Immigration Judge ordered that Petitioner be removed and granted voluntary departure. On November 14, 2013, Petitioner filed an I-918 Petition for "U" Nonimmigrant Visa and, sometime thereafter, was issued a prima facie determination – via telephone – that he was eligible for U-Visa relief.

On December 5, 2013, United States Immigration and Customs Enforcement ("ICE") Officers took Petitioner into custody. Petitioner sought relief from ICE by filing two requests seeking a stay of removal, with the first request denied on February 13, 2014 and the second request apparently not yet determined. On February 19, 2014, Petitioner was ordered deported and filed the Petition before this Court challenging the February 13, 2014 stay denial as an abuse of discretion. Petitioner contends the Department of Homeland Security/ICE improperly failed to consider certain matters in ICE memoranda dated September 24, 2009 and June 17, 2011.

Petitioner's instant Motion, neither verified nor supported by an affidavit, alleges that a third request for stay of removal was filed on February 19, 2014; Petitioner has been transported from Colorado to a holding facility in West Texas; and his deportation is imminent. He seeks declaratory and injunctive relief.

## II. ANALYSIS

The Court may issue a temporary restraining order ("TRO") without written or oral notice to the adverse party or its attorney only if: (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed.R.Civ.P 65(b).

Concomitantly, D.C.COLO.LCivR 65.1(a)(2) states "[e]xcept as provided by Fed. R. Civ. P. 65(b)(1), the court shall not consider an ex parte motion for temporary restraining order."

The Local Rules further require that the motion for TRO be accompanied by a certificate of counsel stating: (1) that actual notice of the time of filing the motion, and copies of all pleadings and documents filed in the action to date, have been provided to opposing counsel; or (2) the efforts made by the movant to provide the required notice and documents. D.C.COLO.LCivR 65.1(a). A proposed TRO must also be submitted. D.C.COLO.LCivR 65.1(b).

In this case, Petitioner has failed to comply with the requirements necessary for the Court to consider his ex parte TRO. Neither the Petition nor Motion are verified or supported by an affidavit, leaving the Court to consider only bare allegations. There is also no confirmation of counsel's compliance with the requisite notice to Respondents or efforts to provide the same. On this record alone, denial is warranted.

Denial is also appropriate as Petitioner has not demonstrated the requirements for the issuance of a restraining order or preliminary injunction have been met.[1] A preliminary injunction is an extraordinary remedy, so the right to relief must be clear and unequivocal. *Beltronics USA, Inc. v. Midwest Inventory Dist., LLC,* 562 F.3d 1067, 1070 (10th Cir. 2009); *Schrier v. University of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005). The moving party must establish (1) there is a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction

---

[1] The Motion also cursorily references a request for declaratory relief but substantively fails to address the same; therefore, the Court deems such request abandoned. *See Hinsdale v. City of Liberal, Kan.*, 19 Fed.Appx. 749, 768-769 (10th Cir. 2001) (claim deemed abandoned for failure to address in response to motion for summary judgment).

would not be adverse to the public interest.[2] *Beltronics USA, Inc. v. Midwest Inventory Dist., LLC, supra* at 1070.

      Petitioner's Motion relies on his summary argument of irreparable harm if he is deported and not transferred back to Colorado. Petitioner provided no legal or factual basis to show he may be irreparably harmed by being detained in Texas as opposed to Colorado. Further, the Supreme Court has recognized that "[a]lthough removal is a serious burden for many aliens, it is not categorically irreparable." *NKEN v. Holder*, 556 U.S. 418, 435 (2009) (addressing issue as to aliens petitioning for review of removal order, as those who prevail can be returned and their immigration status they had upon removal restored). Moreover, even assuming, *arguendo*, Petitioner is able to establish irreparable harm should he be deported, he has not addressed, much less established, any of the other conditions necessary to the granting of the extraordinary relief which he seeks.

      Specifically, Petitioner has not shown a substantial likelihood of success on the merits of his claim. His reliance on the two ICE memoranda to support an abuse of discretion by Respondents is misplaced as neither the Motion nor the Petition sufficiently demonstrates that such memoranda can serve as a legal basis for such a finding. Instead, the September 24, 2009 memorandum states, in relevant part: "*This document provides only internal Immigration and Customs Enforcement guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal. Nor are any limitations hereby placed on otherwise lawful enforcement or litigative*

---

[2] The Tenth Circuit has identified three types of disfavored preliminary injunctions which require the Court to more closely scrutinize. *Schrier v. University of Colo., supra* at 1259. The Court need not decide whether the "heightened" standard applies as it finds Petitioner has not met his burden under the traditional standard.

*prerogatives of DHS or ICE.*"[3]  (Italics in original.)  Similarly, the June 17, 2011 memorandum provides: "These guidelines and priorities are not intended to, do not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter."[4]

Finally, Petitioner made no showing as to whether the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and, if issued, the injunction would not be adverse to the public interest.

### III.  CONCLUSION

Based on the foregoing, Petitioner has failed to establish the factors necessary to grant the relief requested.  Accordingly, it is therefore

ORDERED that Petitioner's Motion for Declaratory and Injunctive Relief (with Temporary Restraining Order) (ECF No. 4) is DENIED.

DATED this 4th day of March, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[3] Memorandum may be found at https://www.ice.gov/doclib/foia/dro_policy_memos/11005_1-hd-stay_requests_filed_by_u_visa_applicants.pdf.
[4] Memorandum may be found at http://www.ice.gov/doclib/secure-communities/pdf/domestic-violence.pdf.